**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.  No. 1:18-cr-03124-JCH

JOSÉ MIGUEL CABRERA-ARTEAGA,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

In 2018, Defendant was sentenced in Missouri federal court for methamphetamine possession. In calculating his sentence, the court considered Defendant's alleged prior possession of methamphetamine in New Mexico, which is now the basis of the prosecution against Defendant in this case. Defendant moves to dismiss the indictment, claiming that the subsequent prosecution would violate the Double Jeopardy Clause of the Fifth Amendment. ECF No. 22. The Government responded in opposition. ECF No. 25. The Court, having carefully considered the motion, response, and relevant law, concludes that the motion will be denied.

**I.   BACKGROUND**

On October 5, 2017, Drug Enforcement Agent Jarrell Perry conducted drug interdiction activities aboard a Los Angeles-Dallas train that was stopped in Albuquerque. Defendant was a passenger on the train. After noticing a hiking-style backpack located in the compartment above Defendant's seat, Perry asked Defendant and nearby passengers if the backpack belonged to anyone. No one claimed the backpack, so Perry declared it abandoned, seized it, and deboarded the train. The train continued its journey with Defendant on board.

Perry and another agent searched the backpack and discovered about 6.4 kilograms of meth. The agents then obtained video footage from Amtrak's Los Angeles station that showed Defendant with the backpack in his possession a day earlier, on October 4. The meth was later submitted to a DEA lab as two separate exhibits for chemical testing. One exhibit came back as 99% pure and weighed 5,717.9 actual grams. The other exhibit was 98% pure and weighed .612 actual grams.

Less than a month later, on October 31, 2017, a bus that Defendant was riding was stopped at a Kansas City, Missouri Greyhound bus station. A different DEA agent with a drug sniffing dog boarded the bus. The dog alerted to the area where Defendant sat.[1] Defendant consented to a search of his duffel bag, which contained about 2.9 kilos of meth. Chemical testing of the meth showed that it was 99% pure and weighed 2,636 actual grams.

On November 14, 2017, a federal grand jury in the Western District of Missouri indicted Defendant for possession with intent to distribute 500 grams and more of a mixture and substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). In June 2018, Defendant pleaded guilty to the indictment without a written plea agreement.

Around this same period, specifically on September 25, 2018, a federal grand jury in the District of New Mexico indicted Defendant for the exact same violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) stemming from the Albuquerque train station episode.

In December 2018, Defendant was sentenced in a Missouri federal court. The Presentence Investigation Report attributed the meth from the New Mexico and Missouri searches to

---

[1] The Government says that agents approached Defendant and searched his bag while he was inside the bus station, rather than on the bus. The Court notes this difference, but it has no impact on the legal analysis.

Defendant. Defendant's basic offense level in the Missouri PSR was 36. His total offense level was calculated to be 35. His guideline imprisonment range calculated at offense level 35 and criminal history category I was 168 to 210 months. The district court sentenced Defendant to 144 months of imprisonment. Defendant never admitted to possessing the meth from the train episode in New Mexico.

In April 2020, Defendant moved to dismiss the current indictment. He claims that the Missouri court considered as relevant conduct Defendant's alleged possession of drugs in New Mexico in calculating his sentence, describing the court's sentence as follows:

> In the Missouri case, the sentencing guideline range was 168 to 201 months. If the guideline range had been calculated attributing only the drugs located in the Missouri case the sentencing guideline range would have been 108 to 135 months which even at the high end is under the 144 months of imprisonment [Defendant] received.

ECF No. 22 at 6-7.

## II.   DISCUSSION

The Double Jeopardy Clause provides that: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "The Supreme Court has long construed the Clause to bar two distinct types of government conduct: punishing a person twice for the same offense or prosecuting a person twice for the same offense." *United States v. Rohde*, 159 F.3d 1298, 1300–01 (10th Cir. 1998) (citations omitted). "That is, the Double Jeopardy Clause prohibits merely punishing twice, or attempting a second time to punish criminally, for the same offense." *Witte v. United States*, 515 U.S. 389, 396 (1995) (quoting *Helvering v. Mitchell*, 303 U.S. 391, 399) (1938)) (italics and internal quotation marks omitted).

It appears that Defendant's principal claim is that the Government is attempting to punish him twice for the same conduct. Therefore, the Court does not address or analyze whether the New Mexico indictment subjects him to multiple prosecutions for the same offense.

Concerning whether Defendant is at risk for being punished for the same conduct, the Government says that in considering Defendant's alleged meth possession in New Mexico, the Missouri court relied on Guideline § 1B1.3, which directs courts to determine the sentencing range for an offense by considering all relevant conduct, not just the conduct constituting the offense of conviction. *See* U.S. Sentencing Guidelines Manual § 1B1.3. Importantly, "[f]or double jeopardy purposes, the consideration of related but uncharged criminal conduct in calculating a sentence … do[es] not constitute 'punishment.'" *Rohde*, 159 F.3d at 1300. The key Supreme Court case governing Defendant's double jeopardy challenge is *Witte v. United States,* 515 U.S. at 391, where the question before the Court was: "whether a court violates [the Double Jeopardy Clause] by convicting and sentencing a defendant for a crime when the conduct underlying the crime has been considered in determining a defendant's sentence for a previous conviction." The Tenth Circuit succinctly described the key facts and holding of *Witte* as follows:

> In *Witte,* the defendant pleaded guilty to a charge arising from a 1991 drug sale. The district court based its sentence not only on the amount of drugs involved in the 1991 sale but also on amounts of drugs Witte had conspired to distribute in 1990 [relying on Guideline § 1B1.3.] The Supreme Court held that, despite the incorporation of the 1990 conduct in Witte's sentence, the government did not violate the Double Jeopardy Clause when it later prosecuted Witte separately for that conduct. The Court reasoned that a defendant in Witte's situation is punished, for double jeopardy purposes, only for the offense of which the defendant is convicted.

*Rohde*, 159 F.3d at 1301 (citations omitted and alterations made).

Applying *Witte*, there is no bar to a separate sentence for meth possession in New Mexico that was previously used as relevant conduct to increase an earlier guidelines sentence. Like the

defendant in *Witte*, Defendant pleaded guilty and the district court calculated a sentence that resulted in a sentencing range that was higher than it would have been had the court considered only the amount of meth involved in the Missouri episode. As in *Witte*, the Government brought a subsequent prosecution for conduct that was used to increase a previous sentence. Therefore, Defendant's alleged possession of the meth was conduct considered by the court in the sentencing context and this consideration does not constitute "punishment" for purposes of double jeopardy. *See Witte,* 515 U.S. at 399 ("use of evidence of related criminal conduct to enhance a defendant's sentence for a separate crime within the authorized statutory limits does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause.")

Defendant argues that if the district court had restricted its inquiry to the Missouri episode, the sentencing guideline range would have been 108 to 135 months, and thus his 144-month sentence was punishment for the New Mexico incident. However, in *Witte* the Court rejected this same argument, reasoning that the use of relevant conduct to enhance a sentence for the charged crime did not amount to punishment so long as the resulting sentence was within the range authorized for the charged conduct. *Id*. at 403-04. Here, possession with intent to distribute 500 grams and more of meth carries with it a maximum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A). The district court's resulting 144-month sentence was therefore well within the allowable range of punishment.

**IT IS THEREFORE ORDERED that** Defendant's Motion to Dismiss for Violation of Double Jeopardy Clause **(ECF No. 22)** is **DENIED**.

**IT IS SO ORDERED**.

Judith C. Herrera
Senior U.S. District Judge